UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| ABBIE GARRETT, | ) |
| | ) |
| Plaintiff | ) |
| v. | ) CAUSE NO. 3:23-cv-126 |
| | ) |
| DARRELL GILMORE | ) |
| | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND JURY DEMAND

Now comes Abbie Garrett ("Plaintiff", "Ms. Garrett"), by counsel, files her Complaint against Defendant, Darrell Gilmore ("Gilmore"), as follows:

### I. PARTIES AND JURISDICTION

1. At all times relevant hereto, Plaintiff Abbie Garrett was and is a resident of the City of Henderson, Henderson County, Commonwealth of Kentucky.

2. Defendant Darrell Gilmore resides at 2932 S. Walnut Street Pike, Bloomington, Monroe County, State of Indiana.

3. On or about the day of August 26, 2021, Plaintiff Garrett was injured as a result of a motor vehicle collision that occurred in the City of Evansville, Vanderburgh County, State of Indiana involving a vehicle driven by Defendant Gilmore.

4. Pursuant to 28 U.S.C. § 1332, there exists complete diversity of citizenship, as Plaintiff resides in Kentucky and Defendant Gilmore resides in

Indiana.

5. Venue is proper as the incident at issue occurred within the Southern District of Indiana.

6. The amount in controversy exceeds the sum or value of $75,000.00.

## II. FACTS

7. Plaintiff incorporates by reference all the aforementioned material allegations.

8. On Thursday, August 26, 2021, Plaintiff Garrett was operating her Honda Accord vehicle northbound on Green River Road in the leftmost lane.

9. At the same time, Defendant Gilmore was operating his BMW 128 on Plaza East Boulevard at the intersection with Green River Road.

10. At all relevant times, Plaintiff Garrett had the right of way while operating her vehicle through the intersection of Green River Road and Plaza East Boulevard.

11. Defendant Gilmore accelerated his vehicle through the intersection, striking Plaintiff Garrett's vehicle on the passenger side.

12. Defendant Gilmore failed to ensure he was clear of oncoming traffic before entering the intersection with his vehicle.

13. Plaintiff Garrett had no opportunity to avoid Defendant Gilmore, as her view was obstructed by a leading commercial truck in the righthand northbound lane of Green River Road.

14. The collision was violent and caused considerable damage to Plaintiff

and her vehicle. Her vehicle was spun around 180 degrees and impacted the curb of the road.

15.    Plaintiff Garrett suffered immediate, significant, and lasting injuries to her person. Plaintiff Garrett underwent medical treatment as a result of the injuries sustained to her person.

### III. NEGLIGENCE OF DEFENDANT GILMORE

16.    Plaintiff incorporates by reference all the aforementioned material allegations.

17.    At all times relevant hereto, Defendant Gilmore owed Plaintiff Garrett common law duties to maintain a proper lookout and to keep his vehicle under control as to avoid a collision.

18.    Defendant Gilmore breached his common-law duties by failing to keep a proper lookout and by failing to control his vehicle as to avoid a collision, resulting in the collision with Plaintiff's vehicle.

19.    The negligence of Defendant Gilmore was the direct and proximate cause of the collision and resulting injuries and damages suffered by Plaintiff.

20.    As a result of Defendant's conduct, Plaintiff Garrett suffered injuries and damages, underwent medical treatment, incurred medical expenses, suffered physical pain and mental anguish, lost wages, and missed time from work.

21.    The injuries to Plaintiff Garrett may be permanent, lasting, and disabling.

22.    As a result of Defendant's conduct, Plaintiff Garrett may, in the future,

undergo medical treatment, incur medical expenses, suffer physical pain and mental anguish, lose additional wages, and miss more time from work.

### IV. NEGLIGENCE *PER SE* OF DEFENDANT GILMORE

23. Plaintiff incorporates by reference all the aforementioned material allegations.

24. Defendant Gilmore violated the following safety statutes that govern the operation of motor vehicles:

- Indiana Code § 9-21-8-30, Failure to yield right-of-way; and
- Indiana Code § 9-21-8-30, Failure to stop.

25. Each statutory violation constitutes negligence *per se*.

26. Plaintiff Garrett was the type of individual contemplated by Indiana legislature that these safety statutes governing the operation of motor vehicles was meant to protect.

27. As a result of Defendant Gilmore's negligence *per se*, Plaintiff Garrett suffered injuries and damages, underwent medical treatment, incurred medical expenses, suffered physical pain and mental anguish and lost wages and missed time from work.

28. The injuries to Plaintiff Garrett may be permanent, lasting, and disabling.

29. As a result of Defendant Gilmore's negligence *per se*, Plaintiff Garrett may, in the future, undergo medical treatment, incur medical expenses, suffer physical pain and mental anguish, lose additional wages, and miss more time from

work.

**WHEREFORE**, Plaintiff prays for judgment of and from the Defendant Gilmore, for the costs of this action, and for all other relief just and proper in the premises.

Respectfully Submitted,

Curtis J. Hamilton III, 20593-82
Hamilton Injury Law Group PLLC
110 North Main Street
Henderson, KY 42420
Phone: (270) 844-8205
Fax: (270) 844-8202
curt@curthamiltonlaw.com

By: *s/Curtis J. Hamilton III*
Curtis J. Hamilton III #20593-82
Counsel for Plaintiff Abbie Garrett

## REQUEST FOR TRIAL BY JURY

Plaintiff respectfully requests a trial by jury on all counts so triable.